**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

| | | |
|---|---|---|
| IN RE: | § | **CHAPTER 7** |
| | § | |
| ESTEPHAN DAHER, | § | **CASE NO. 14-30709-KKS** |
| | § | |
| Alleged Debtor | § | |

**MEMORANDUM IN SUPPORT OF INVOLUNTARY PETITION/OPPOSITION TO
ESTEPHAN DAHER'S RESPONSE CONTESTING INVOLUNTARY PETITION**

NOW INTO COURT, through undersigned counsel, comes HCB Financial Corp. ("HCB) and files this Brief in Support of Involuntary Petition/Opposition to Estephan Daher's ("Daher" or "Debtor") Response Contesting Involuntary Petition and avers:

## **INTRODUCTION**

HCB filed an involuntary petition against Mr. Daher initiating this Chapter 7 bankruptcy proceeding.  In response to the involuntary petition, Mr. Daher has alleged two defenses:  1) that he has more than twelve (12) creditors with non-contingent, undisputed not subject to a bona fide disputes whose claims exceed $15,325, thus requiring more than one petitioning creditor for the involuntary petition; and 2) HCB's claim is contingent and subject to a bona fide dispute.  Mr. Daher's argument fails for several reasons.  First, as the party asserting the existence of more than twelve (12) creditors, Mr. Daher bears the burden to prove the existence and must provide a detailed list of creditors as set forth in Federal Rule of Bankruptcy Procedure 1003. He has failed to do so.  Second, Mr. Daher ultimately bears the burden to prove the existence of a bona fide dispute as to the liability or amount of HCB's claim but again he has  failed to do so; alleging only the existence of a bona fide dispute.  Last, as provided below, HCB's claim is neither contingent nor subject to a bona fide dispute as to liability or amount.

1

In sum, HCB is a proper party to file an involuntary petition against Mr. Daher. Furthermore, Mr. Daher has not been paying his debts, which are not subject to a bona fide dispute, as and when they become due. Accordingly, this Court should dismiss Mr. Daher's defenses and enter an order for relief allowing the involuntary bankruptcy to proceed.

## FACTUAL BACKGROUND

1. On or about April 28, 2006, Fayez and Amal Shamieh (the "Shamiehs") and Mr. Daher (collectively, "Makers") executed a mortgage and promissory note ("Promissory Note") in the original principal amount of $832,000 with Central Progressive Bank ("CPB"). The Makers obtained this financing for the acquisition and development of a certain piece of Florida real property. A copy of the mortgage and Promissory Note dated April 28, 2006, is attached as Exhibit 1.

2. Makers renewed and modified the loan several times from 2007 through 2011 as set forth below:

   a. On May 23, 2007, Makers executed a Change in Terms Agreement and Modification of Mortgage wherein the principal balance was reduced by $42,000.00 and the maturity date was extended to November 11, 2007. A copy of the Change in Terms Agreement and Modification of Mortgage recorded in Official Records Book 2821, Page 584, in the Public Records of Okaloosa County, Florida dated May 23, 2007 is attached as Exhibit 2.

   b. On February 23, 2008, Makers executed a Change in Terms Agreement wherein the interest rate was changed from New York prime plus 1.00% to a fixed rate of 7.25% and the maturity date

2

was extended to April 23, 2008.  A copy of the Change in Terms Agreement dated February 23, 2008 is attached as Exhibit 3.

c.      On April 23, 2008, Makers executed a Change in Terms Agreement and a Modification of Mortgage recorded in Official Records Book 2849, Page 4631, in the Public Records of Okaloosa County, Florida, wherein the interest rate was changed from 7.25% to 8.25%, the monthly payments to interest only then converting to principal and interest totaling $7,719.52 a month beginning July 23, 2008 with a 15 year amortization and extending the maturity date to June 23, 2011.  A copy of the Change in Terms Agreement and Modification of Mortgage dated February 23, 2008 is attached as Exhibit 4.

d.      On November 23, 2008, Makers executed a Change in Terms Agreement and a Modification of Mortgage recorded in Official Records Book 2873, Page 1043, in the Public Records of Okaloosa County, Florida, wherein the interest rate was changed from 8.25% to Wall Street Journal Prime plus 1.50% with a floor of 4.50%, changing the monthly payments to interest only for 5 consecutive months then converting back to principal and interest payments totaling $7,719.52 beginning May 23, 2009, and continuing to the maturity of the loan at which time a balloon payment will be due and extended the maturity date to June 23, 2011.   A copy of

Change in Terms Agreement and Modification of Mortgage dated November 23, 2008, is attached as Exhibit 5.

e.      On February 23, 2010, Makers executed a Change In Terms Agreement changing the monthly payments to interest only beginning March 23, 2010, for 4 consecutive months then change the interest rate to 3.50% effective July 2, 2010, and continuing with interest only for 11 consecutive months with one final principal and interest payment due June 23, 2011.  A copy of the Change in Terms Agreement dated February 23, 2010, is attached as Exhibit 6.

f.      On June 23, 2011, Makers executed a Change in Terms Agreement and Modification of Mortgage recorded in Official Records Book 2997, Page 4053, in the Public Records of Okaloosa County, Florida wherein the maturity date was extended to August 23, 2011.    A copy of the Change in Terms Agreement and Modification of Mortgage dated June 23, 2011, is attached as Exhibit 7.

g.      On December 14, 2011, Makers executed a Change in Terms Agreement and Modification of Mortgage recorded in Official Records Book 3036, Page 3652, in the Public Records of Okaloosa County, Florida, changing the interest rate to Wall Street Journal Prime with a floor of 3.25% and changing the monthly payments to principal payments of $2,500.00 plus all accrued interest beginning

4

December 23, 2011, and extending the maturity date of November
23, 2014. A copy of the Change in Terms Agreement and
Modification of Mortgage dated December 14, 2011, is attached as
Exhibit 8.

3.     On or about November 18, 2011, CPB failed, and the Federal Deposit Insurance
Corporation ("FDIC") assumed CPB's assets and liabilities. A copy of the order from the 22nd
Judicial District Court Parish of St. Tammany closing CPB is attached as Exhibit 9.

4.     Thereafter, on November 18, 2011, First NBC Bank purchased certain assets from
FDIC of CPB including the loan at issue. A copy of the Purchase and Sale Agreement of Whole
Bank between First NBC Bank and the FDIC is attached as Exhibit 10.

5.     On November 30, 2012, the Shamiehs filed a Petition in the 14th Judicial District
Court for the Parish of Calcasieu, State of Louisiana, Civil Action No. 2012-4961 ("State Court
Proceeding"). Named as original defendants were Holding, Mark Juneau, Ralph Menetre, III,
Donna Erminger, Mr. Daher, and Daher Contracting, Inc. (collectively "Defendants"). A true
and correct copy of the Petition, including amendments and supplements thereto, is attached
hereto as Exhibit 11.

6.     On November 21, 2013, HCB took assignment of the loan at issue from First
NBC Bank and has made an appearance in this case. A copy of the Sale and Assignment by and
between HCB and First NBC Bank is attached as Exhibit 12.

7.     On November 12, 2012, the Makers failed to make their requisite payment under
the Promissory Note and Change in Terms Agreement and failed to make any additional
payments thereafter. See Affidavit of Joe Dobson, President of HCB attached hereto as Exhibit
13.

8.      Pursuant to the terms of the Promissory Note and Change in Terms Agreement, the entire principal in the amount of $754,951.54 is currently due plus interest from November 12, 2012, late charges, costs of collection and attorney's fees.  See Exhibits 1-8; 13.  See also current aging of loan attached hereto as Exhibit 14.

9.      On April 25, 2014, HCB initiated a foreclosure action against the Makers in the First Judicial Circuit Court, Okaloosa County, Florida, Case No. 2014CA001534F ("Foreclosure Proceeding").  A true and correct copy of the Complaint in the Foreclosure Proceeding is attached hereto as Exhibit 15.

10.     On May 7, 2014, the Shamiehs filed their Second Supplemental and Amending Petition in the State Court Proceeding naming for the first time, HCB as an additional Defendant.

11.     On May 12, 2014, HCB was served with a copy of the Original, First Supplemental and Amending Petition and Second Supplemental and Amending Petition pursuant to the Louisiana Long Arm Statute.

12.     On June 30, 2014, HCB initiated an Involuntary Petition against Estephan Daher in the United States Bankruptcy Court Northern District of Florida, Pensacola Division under Chapter 7 of the United States Bankruptcy Code bearing docket no. 14-30709 [Dkt. No. 1].

13.     On August 12, 2014, Mr. Daher filed his Response Contesting Involuntary Petition [Dkt. No. 8] ("Response").  In his Response, Mr. Daher alleges that the involuntary bankruptcy cannot proceed as:  1) he has more than twelve (12) creditors with non-contingent, undisputed not subject to a bona fide disputes whose claims exceed $15,325, thus requiring more than one petitioning creditor for the involuntary petition; and 2) HCB's claim is contingent and subject to a bona fide dispute.

14.    The Court originally scheduled a non-evidentiary hearing on this Response for September 17, 2014.

15.    HCB's counsel is due to be out of the country on a previously scheduled vacation on that date and filed a Motion to Continue that hearing after consultation with counsel for Daher.

16.    The Court has scheduled a non-evidentiary hearing on the Motion to Continue for September 9, 2014, now at 12:30 p.m. at a time when HCB's counsel while be in route to his previously scheduled vacation.

## LAW AND ARGUMENT

**A.    Applicable Statute.**

Involuntary petitions in bankruptcy are governed by § 303, which provides in pertinent part:

(b) An involuntary case against a person is commenced by the filing ...

(1) by three or more entities, each of which is either a holder of a claim against such person that is not contingent as to liability or the subject of a bona fide dispute as to liability or amount, or an indenture trustee representing such a holder, if such noncontingent, undisputed claims aggregate at least $15,325[1] more than the value of any lien on property of the debtor securing such claims held by the holders of such claims;

(2) if there are fewer than 12 such holders, excluding any employee or insider of such person and any transferee of a transfer that is voidable under section 544 , 545, 547, 548, 549, or 724(a) of this title, by one or more of such holders that hold in the aggregate at least $15,325 of such claims;

* * * * * *

(h) If the petition is not timely controverted, the court shall order relief against the debtor in an involuntary case under the chapter under which the petition was filed. Otherwise,

after trial, the court shall order relief against the debtor in an involuntary case under the chapter under which the petition was filed, only if—

> (1) the debtor is generally not paying such debtor's debts as such debts become due unless such debts are the subject of a bona fide dispute as to liability or amount…."

11 U.S.C. § 303.

In his Response, Mr. Daher has controverted HCB's involuntary petition and alleged that: 1) he has more than twelve (12) creditors with non-contingent, undisputed not subject to a bona fide disputes whose claims exceed $15,325, thus requiring more than one petitioning creditor for the involuntary petition; and 2) HCB's claim is contingent and subject to a bona fide dispute. However, as provided below, Mr. Daher has failed to carry his burden to prove his defenses and the involuntary petition is proper under 11 U.S.C. § 303.

HCB undertook a review of available information in an effort to determine the number of Mr. Daher's creditors and it was not able to identify more than twelve (12) creditors at the time of the filing.  Irrespective of HCB's efforts, the burden in on Mr. Daher to establish the number of creditors and to comply with certain provisions of the Federal Rules of Bankruptcy Procedure.

**B.**     **Mr. Daher's Answer fails to comply with F.R.B.P. 1003.**

The burden of raising the issue of the number of creditors, and thus, the requisite number of creditors to file a petition rests with the alleged debtor.  *In re Coppertone Commc'ns, Inc.*, 96 B.R. 233, 235 (Bankr. W.D. Mo. 1989) citing *In re National Republic Co.,* 109 F.2d 167, 170 (7th Cir. 1940), *In re Mason,* 709 F.2d 1313, 1318 (9th Cir. 1983); see also *In re Colon*, 474 B.R. 330, 363 (Bankr. D. P.R. 2012) (If there are fewer than three (3) petitioning creditors that filed the involuntary petition and the involuntary debtor alleges that he or she has more than twelve (12) creditors, then the debtor has the burden to raise this issue by filing a list pursuant to Fed. R.

8

Bankr.P. 1013(b)).  Bankruptcy Rule 1003(b) provides that "[i]f an answer to an involuntary petition filed by fewer than three creditors avers the existence of 12 or more creditors, the debtor shall file with answer a list of all creditors ..." *Id.*  Proof of the requisite number of petitioning creditors is required only if challenged by the alleged bankrupt.  *In re Mason,* 709 F.2d at 1318. See also, *Harris v. Capehart–Farnsworth Corp.,* 225 F.2d 268 (8th Cir. 1955). "In *In re Mason,* supra, the court held that the debtor waived his right to raise the defense that only two creditors had filed an involuntary petition against him when the debtor failed to respond to the petition. Debtor did not file an answer because he believed that the court had no jurisdiction to hear the case since only two creditors filed the petition instead of three as required under 11 U.S.C. § 303(b)(1),(2)." *In re Coppertone*, 96 B.R. at 235-36 citing *In re Mason,* 709 F.2d at 1318. That the debtor has the burden of raising the issue of the number of creditors stands to the test of reason, since the alleged debtor is the only party with such knowledge and without intimate knowledge of the alleged debtor's affairs the petitioner would have no way of knowing.  *In re Coppertone*, 96 B.R. at 236 citing *In re Allen, Rogers & Co., Inc.,* 30 B.R. 27, 28 (Bankr. S.D. NY 1983). It is also supported by the requirement that the alleged debtor file with such answer a list of all creditors, their addresses, and the amounts and the nature of their claims. Bankruptcy Rule 1003(b).

Despite raising the objection as to the number of creditors, Mr. Daher failed to provide the mandatory list as provided by Federal Rule of Bankruptcy Procedure 1003(b)[1].  Thus, the Debtor failed to meet its requisite burden to prove that his creditors exceed an amount of twelve

---

[1] "…the debtor **shall file** with the answer a list of all creditors with their addresses, a brief statement of the nature of their claims, and the amounts thereof…." (emphasis added).

(12) with an aggregate claim of $15,325.[2]  Accordingly, Mr. Daher's defense as to the number of creditors should be denied.

## C.    Mr. Daher fails to carry his burden to prove that there is a "bona fide dispute" as to HCB's claim.

"Establishing the existence or absence of a bona fide dispute involves a shifting burden of proof." *In re Knight*, 380 B.R. 67, 73 (Bankr. M.D. Fla. 2007) citing *In re Biogenetic Techs., Inc.,* 248 B.R. 852, 856 (Bankr. M.D. Fla. 1999). The petitioning creditor has the initial burden to establish a prima facie case that a bona fide dispute *does not* exist as to both liability and amount.  *Knight*, 380 B.R. at 73-74 citing *In re Byrd,Platinum Fin. Serv. Corp. v. Byrd (In re Byrd),* 357 F.3d 433, 437 (4th Cir. 2004); *Key Mech. Inc. v. BDC 56 LLC (In re BDC 56 LLC),* 330 F.3d 111, 117–18 (2nd Cir. 2003).  Once a prima facie case is established the burden shifts to the debtor to demonstrate a bona fide dispute *does* exist. *Knight*, 380 B.R. at 73-74 citing *In re Byrd,* 357 F.3d at 439; *Rimell v. Mark Twain Bank (In re Rimell),* 946 F.2d 1363 (8th Cir. 1991).

The majority of courts to consider the meaning of bona fide dispute apply an objective standard. *In re Huggins,* 380 B.R. 75, 82 & n. 30 (Bankr. M.D. Fla. 2007) (collecting cases). "Because the standard is an objective one, an alleged debtor's subjective intent or belief is irrelevant, and the mere or conclusory denial of a claim's validity or amount is not sufficient to create a bona fide dispute." *In re Tamarack Resort, LLC,* No. 09–03911–TLM, 2010 WL 1049955, at *2 (Bankr. D. Idaho Mar. 17, 2010). This standard requires the court to "determine whether there is an objective basis for either a factual or a legal dispute as to the validity of

---

[2] However, even if Mr. Daher tries to remedy his deficient Answer by filing a supplemental list of creditors, any hearing on the involuntary petition should not be conducted to allow HCB time to conduct appropriate discovery on the list of creditors and/or seek joinder of additional creditors in the involuntary petition. See F.R.B.P. 1008; *Jefferson Trust and Savings Bank of Peoria v. Rassi (In re Rassi),* 701 F.2d 627, 629-631 (7th Cir. 1983); 11 U.S.C. § 303(c).

debt." *In re Busick,* 831 F.2d 745, 750 (7th Cir. 1987). "However, 'the statute does not require the court to determine the outcome of any dispute, only its presence or absence. Only a limited analysis of the claims at issue is necessary.'" *Id.* (quotation omitted).

> ### i.    *There is no bona fide dispute as to liability on HCB's claim.*

The Promissory Note and Change in Terms Agreements are all governed by Louisiana law.  See Exhibits 1-8.  Under Louisiana law, because of the relative simplicity of the issues involved, suits to enforce promissory notes "are among the most suitable classes of cases for summary judgment." *Colony Creek, Ltd. v. Resolution Trust Corp.,* 941 F.2d 1323, 1325 (5th Cir. 1991) citing *Lloyd v. Lawrence,* 472 F.2d 313, 316 (5th Cir. 1973); see also *American Bank v. Saxena,* 553 So.2d 836 (La. 1989); *Premier Bank v. Percomex, Inc.,* 615 So.2d 41, 43 (La. App. 3 Cir. 1993).   "Once the plaintiff, the holder of a promissory note, proves the maker's signature, or the maker admits it, the holder has made out his case by mere production of the note and is entitled to recover in the absence of any further evidence." *Premier,* 615 So.2d at 43. Once the plaintiff has met his burden of proof, the burden shifts to the defendant to prove the existence of a triable issue of fact.  *Id.* citing *American Bank v. Saxena,* 553 So.2d 836, 846 (La. App. 3 Cir. 1993).

HCB has produced true and correct copies of the Promissory Note as well as the Change in Terms Agreements, thus proving the existence of said documents.  See Exhibits 1-8.  The Promissory Note was executed by Mr. Daher, as maker.  See Exhibit 1.  Mr. Daher also signed the Change in Terms Agreements.  See Exhibits 2-8.  Mr. Daher's signature is on both the Promissory Note and the Change in Term Agreements.  See Exhibits 1-8.  Said documents have been validly transferred to HCB, which is currently the holder of the Promissory Note.  See

Exhibit 12.  Accordingly, HCB has proven Mr. Daher's liability under the Promissory Note and Change in Terms Agreements.

        ***ii.       There is no bona fide dispute as to the amount of HCB's claim.***

Section 303(b)(1) requires that a petitioning creditor hold a "claim" against the debtor. Section 101(5)(A) of the Bankruptcy Code defines a "claim" as a "right to payment, whether or not such right is reduced to judgment." 11 U.S.C. § 101(5)(A). Here, HCB has established that Mr. Daher, along with the Shamiehs, are in default under the terms of the Promissory Note and are liable to HCB in the amount of $754,951.54, which is currently due plus interest from November 12, 2012, late charges, costs of collection and attorney's fees.  See Exhibits 13-14. Mr. Daher has not attempted to controvert the amount asserted[3], thus there is no bona fide dispute as to the amount owed.[4]

        ***iii.     Mere allegations of a bona fide dispute are insufficient for Mr. Daher to carry his burden.***

Since HCB has established a prima facie case that a bona fide dispute as to HCB's claim does not exist, the burden shifts to Mr. Daher to demonstrate a bona fide dispute *does* exist. *Knight*, 380 B.R. at 73-74 (internal citations omitted).  Vague contentions of the existence of a *bona fide* dispute are insufficient to carry the debtor's burden.  See *In re Vicor Technologies, Inc.*, 12-39329-EPK, 2013 WL 1397460 at *7 (Bankr. S.D. Fla. Apr. 5, 2013).

In his response, Mr. Daher alleges that the existence of the State Court Proceeding and the Foreclosure Proceeding[5] are subject to a bona fide dispute because they have yet to be cast in judgment and the property has not been sold; however, the law is contrary to this assertion.

---

[3] See infra.

[4] Furthermore, the amount in question clearly exceeds the 11 U.S.C. § 303(b) threshold of $15,325 more than the value of the property. A true and correct copy of the April 16, 2014 appraisal of the property in question, which is valued at $325,000, is attached hereto as Exhibit 16.

[5] In the foreclosure proceeding, Mr. Daher was served on May 1, 2014.  An answer was due on May 21, 2014 but no answer was filed by Mr. Daher.  On May 27, 2014, a Motion for Default was filed.

"Oftentimes the filing of an involuntary petition is preceded by litigation in other courts between the debtor and creditor over collection of the debt." *In re Elsa Designs, Ltd.*, 155 B.R. 859, 869 (Bankr. S.D. N.Y. 1993). "The existence of prepetition litigation is not dispositive as to the *bona fide* dispute determination, as a debtor should not be able to defeat bankruptcy court jurisdiction merely by being litigious." *Id.*; see also *In re Ross*, 63 B.R. 951, 960 (Bankr. S.D. N.Y. 1986). The bankruptcy court in *In re Onyx Telecommunications, Ltd.* summarily rejected a debtor's argument that the existence of a pre-petition litigation creates a *bona fide* dispute:

> It is the Debtor's contention that the mere existence of the state court proceeding in which it has filed an answer asserting various defenses and counterclaims is sufficient to establish a bona fide dispute. In effect the Debtor would have this court require a petitioner to allege that it is the holder of a claim *not the subject of a proceeding in any other court in which an answer has been filed by the Debtor* before a petition can survive a facial attack. This court is of the opinion that the mere existence of a proceeding in another court in which the Debtor has filed an answer generally denying the allegations of the complaint and asserting assorted affirmative defenses and counterclaims, while concededly establishing the existence of a dispute, does not as a matter of law, without more, establish the existence of a "bona fide" dispute.

*In re Onyx Telecommunications, Ltd.*, 60 B.R. 492, 495 (Bankr. S.D.N.Y. 1985)

Likewise, it was not necessary that a claim be reduced to judgment before it was not contingent as to liability. *Denham v. Shellman Grain Elevator, Inc.*, 444 F.2d 1376, 1380 (5th Cir. 1971). Rather, the petitioning creditors who were disqualified were those where claims were "open" and "unliquidated" in that they were tort-type claims or quantum meruit claims which required proof as to liability, reasonable value, or damages. *Id.*, *In re Walton Plywood*, 227 F.Supp.319, 324 (W.D. Wash. 1964). Where no additional act or event need have occurred before liability attached, then liability was considered to be non-contingent. *In re Trimble Company*, 339 F.2d 838, 844 (3rd Cir. 1964).

"A claim is contingent as to liability if the debtor's legal duty to pay does not come into existence until triggered by the occurrence of a future event and such future occurrence was

13

within the actual or presumed contemplation of the parties at the time the original relationship of the parties was created. On the other hand, if a legal obligation to pay arose at the time of the original relationship, but that obligation is subject to being avoided by some future event or occurrence, the claim is not contingent as to liability, although it may be disputed as to liability for various reasons." *In re All Media Properties, Inc.*, 5 B.R. 126, 133 (Bankr. S.D. Tex. 1980). A promissory note does not have to be due for the holder to qualify to bring an involuntary bankruptcy petition against the maker, since a claim can be unmatured but not contingent. *In re All Media Properties, Inc.*, 5 B.R. at 142.

The mere existence of the Foreclosure Proceeding and the State Court Proceeding and the fact that they have not yet been cast of judgment does not render a bona fide dispute or contingent liability.  Mr. Daher's argument would not even be applicable as the State Court Proceeding was initiated by the Shamiehs who allege, inter alia, that CPB[6] and Daher defrauded the Shamiehs into executing the Promissory Note and Mortgage. Mr. Daher has not yet filed an answer to the claims asserted by the Shamiehs.

 The fact remains that Mr. Daher is in default of the Promissory Notes and Change in Terms Agreement.  See Exhibits 13 and 14.  The Promissory Note clearly provides that upon default, HCB is entitled to acceleration of the entire amount due, including interest, fees and costs.  See Exhibit 1 at p. 6.  Mr. Daher has not asserted a claim against HCB or a defense to the validity of the Promissory Note.  Accordingly, HCB's claim is not contingent and there is no bona fide dispute to Mr. Daher's liability on his debt to HCB.

---

[6] And, ultimately, assert a claim of fraud against HCB based on HCB's purchase of the underlying loan.

**D.     Mr. Daher is not paying his debts as they become due.**

The courts apply a flexible totality of the circumstances test in determining whether a debtor is "generally not paying" his debts, which focuses on the number of unpaid claims, the amount of the claims, the materiality of nonpayment and the overall conduct of the debtor's financial affairs. *In re Concrete Pumping Serv.*, 943 F.2d 627, 630 (6th Cir. 1991); *Fed. Fin. Co. v. DeKaron Corp.*, 261 B.R. 61, 64 (S.D. Fla. 2001).

Although Mr. Daher has failed to file his list of creditors as required by F.R.B.P. 1003(b), a review of publically available dockets reveals that he is not generally paying his debts as they become due.   In addition to the debt owed to HCB, Mr. Daher was recently the subject of a foreclosure action titled:  *Summit Bank N.A. v. Estephan Daher*, in the First Judicial Circuit for Walton County Florida, Case No. 13000384CA, which was filed on May 10, 2013[7]. Additionally, on May 20, 2014, Mr. Daher was cast in judgment in the amount of $147,658.45 in the case titled:  *Allegheny Casualty Company v. Daher Contracting Et Al*, in the United States District Court for the Northern District of Florida, Case No. 3:13-CV-00389.   The judgment creditor in the aforementioned federal case is currently seeking to garnish Mr. Daher's bank accounts.  See Docket Nos. 112-115.  These cases alone reveal that Mr. Daher is not paying his debts.   Furthermore, HCB and Allegheny's debts alone total over $850,000.00.   Given the amounts of the debt due, it is clear that the state of the Debtor's financial affairs is poor.  Thus, given the totality of the circumstances, Mr. Daher is not paying his debts as they become due.

---

[7] Upon information and belief, this matter may have been resolved.

**E.     This Honorable Court should enter an order for relief under Chapter 7 of the Bankruptcy Code.**

As provided above, since Mr. Daher cannot establish that he has more than twelve (12) creditors[8], HCB was entitled to file the involuntary petition as the sole petitioning creditor.  See 11 U.S.C. § 303(b)(2).  Furthermore, HCB's claim is not contingent as to liability or the subject of a bona fide dispute as to liability or amount[9], whose undisputed claim is at least $15,325 more than the value of HCB's lien on the Debtor's property.[10]  Accordingly, HCB is a proper party to file an involuntary petition against Mr. Daher.

Furthermore, Mr. Daher is not paying his debts as they become due on debts that are not subject to a bona fide dispute.[11]  Accordingly, pursuant to 11 U.S.C. § 303(h), HCB is entitled to an order or relief against the Debtor in an involuntary case under Chapter 7 of the Bankruptcy Code.

Because the Involuntary Chapter 7 bankruptcy should proceed,  Mr. Daher's claim for reimbursement of costs and attorney's fees under 11 U.S.C. § 303(i)(1) overruled.[12]

<u>CONCLUSION</u>

HCB is entitled to an order for relief against Mr. Daher under Chapter 7 of the Bankruptcy Code.  HCB is a proper petitioning creditor under 11 U.S.C. § 303(b)(2) as Mr. Daher cannot prove that he has more than twelve creditors and that HCB's claim is subject to a bona fide dispute.  Furthermore, Mr. Daher is not paying his debts, not subject to a bona fide

---

[8] See Section B supra.

[9] See Section C supra.

[10] See Exhibit 16.

[11] See Sections C and D supra.

[12] Mr. Daher did not allege a bad faith filing, thus analysis of 11 U.S.C. § 303(i)(2) is unnecessary.  See Response at ¶ 7.

dispute, as they become due under 11 U.S.C. § 303(h).  Accordingly, the involuntary bankruptcy should proceed and Mr. Daher's Response should be denied.

Respectfully submitted,

**ADAMS AND REESE LLP**

*/s/Robin B. Cheatham*
Robin B. Cheatham (#4004)
4500 One Shell Square
New Orleans, LA  70139
Telephone:  504-585-0213
Fax:  504-566-0210
And
Jason M. Osborn, CIRA
OSBORN GROUP, LLC
308 Magnolia Avenue, Suite 102
Fairhope, Alabama 36532
(251) 929-5050
josborn@osborngroupllc.com
*Attorneys for HCB Financial Corp.*

Of Counsel:

Osborn Group, LLC
308 Magnolia Avenue, Suite 102
Fairhope, Alabama 36532
Telephone: (251) 929-5050
Facsimile: (888) 227-1214
Email: josborn@osborngroupllc.com

## CERTIFICATE OF SERVICE

I hereby certify the foregoing pleading was provided to all counsel of record via U.S. Mail, postage prepaid, and/or via CM/ECF filing on September 4th, 2014.

| | |
|---|---|
| Estaphen Daher | Office of The United States Trustee |
| Through Counsel of Record | 110 East Park Avenue |
| Shiraz A. Hosein, ESQ. | Suite 128 |
| Anchors Smith Grimsley, PLC | Tallahassee, FL 32301 |
| 909 Mar Walt Drive, Suite 1014 | |
| Fort Walton Beach, Florida 32547 | |

*/s/Robin B. Cheatham*
Robin B. Cheatham