**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

IN RE:

ESTEPHAN DAHER,                                                     Case No: 14-30709-KKS
                                                                                     Chapter: 7
    Alleged Debtor.
_____/

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER OVERRULING ALLEGED DEBTOR'S OBJECTION TO INVOLUNTARY PETITION FILED BY HCB FINANCIAL CORPORATION AS A SINGLE CREDITOR (DOCS. 1 & 8)[1]**

THIS CASE is before the Court on the Chapter 7 Involuntary Petition (Doc. 1) filed by Petitioning Creditor, HCB Financial Corporation ("HCB"), and the Response Contesting Involuntary Petition (the "Answer," Doc. 8) filed by the Alleged Debtor, Estephan Daher ("Daher" or "Alleged Debtor").[2] The Alleged Debtor asserts that he has more than 12 qualifying creditors, 11 U.S.C. § 303(b)(2). He filed an initial and then an amended list containing names and addresses of 16 parties, exclusive of HCB, that he claims are qualified creditors.[3] The Court held a preliminary hearing at which it granted the parties' request for an additional sixty (60) days for discovery. Ultimately, the Court held an evidentiary hearing to determine whether the Alleged Debtor has 12 or more qualifying creditors, such that HCB must have additional creditors join in the involuntary petition ("numerosity").[4] After the evidentiary hearing the Court took the matter under advisement pending additional briefing by the parties.

---

[1] This Order is a partial ruling and does not address whether HCB's claim is subject to a bona fide dispute as to liability or amount.
[2] For purposes of this ruling, HCB and Daher shall be collectively known as the "Parties".
[3] Docs. 8, 18, and 32.
[4] A contested involuntary petition is a contested matter. Fed. R. Bankr. P. 1018, 9014. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334(b).

Having considered the evidence, heard argument of counsel and reviewed the applicable statutes and case law, the Court finds that the Alleged Debtor has less than twelve (12) qualifying creditors. HCB will not be required to solicit additional creditors to join in its filing of the involuntary petition. The issue of whether HCB's claim is contingent as to liability or the subject of a bona fide dispute as to liability or amount will be heard separately.

## **Analysis**

Section 303(b) states, in pertinent part:

> An involuntary case against a person is commenced by the filing with the bankruptcy court of a petition under chapter 7 or 11 of this title—
>
> (1) by three or more entities, each of which is either a *holder of a claim* against such person that is not contingent as to liability or the subject of a bona fide dispute as to liability or amount, or an indenture trustee representing such a holder, if such noncontingent, undisputed claims aggregate at least $10,000 more than the value of any lien on property of the debtor securing such claims held by the holders of such claims;
>
> (2) if there are *fewer than 12 such holders*, *excluding any employee or insider of such person* and any transferee of a transfer that is voidable under section 544 of this title, by *one or more of such holders* that hold in the aggregate at least $10,000 of such claims . . . . .[5]

Once an involuntary petition is filed, if the alleged debtor avers the existence of twelve (12) or more creditors he has the burden of proof on that issue.[6] Daher filed a Rule 1003(b) list naming sixteen (16) alleged creditors and has testified that each of them is a legitimate, arms' length creditor, thus meeting his initial burden.[7] The burden of proof then shifted to the petitioning

---

[5] 11 U.S.C. § 303(b) (emphasis added).
[6] Fed. R. Bankr. P. 1003(b); *In re Colon*, 474 B.R. 330, 363 (Bankr. D.P.R. 2012).
[7] Doc. 32. Daher originally filed his list of Creditors in Doc. 18. Subsequently, he filed an amended list that removed Southeastern Municipal Supply Company and Commercial Billing Service, and replaced them with Butros and Souad Morcos and Ben Anderson- Okaloosa County Tax Collector. Doc. 32.

creditor, HCB, to prove by a preponderance of the evidence that the Alleged Debtor has less than twelve (12) qualifying creditors pursuant to § 303(b)(2):

> The policy considerations for these requirements are twofold: (1) 'the fear that involuntary bankruptcy might be used by one or two recalcitrant creditors as a means of harassing an honest debtor' and (2) ' the possibility that the threat of an involuntary petition would be used to compel the debtor to make preferential payments to one or more litigious creditors.' [8]

The parties agree that the following six are qualifying creditors of the Alleged Debtor: the Internal Revenue Service, Morcos Development, LLC, Butros and Souad Morcos, Allegheny Casualty Company, Capital One and Okaloosa County Tax Collector.[9] Of the ten remaining creditors listed by the Alleged Debtor,[10] HCB has met its burden of proving by the preponderance of the evidence that some are statutory insiders,[11] others are non-statutory insiders, and yet others are not creditors of the Alleged Debtor at all.

## **Statutory Insiders**

Section 303(b) of the Bankruptcy Code excludes "employees and insiders" from the numerosity calculation.[12] "Insider" is defined by the bankruptcy code in 11 U.S.C. § 101(31) to include—

> (A) If the debtor is an individual–
> (i)   relative of the debtor or of a general partner of the debtor;
> (ii)  partnership in which the debtor is a general partner;
> (iii) general partner of the debtor;
> (iv)  corporation of which the debtor is a director, officer, or person in control.[13]

---

[8] *In re Smith*, 415 B.R. 222, 229 (Bankr. N.D. Tex. 2009) (citing to *In re Moss*, 249 B.R. 411, 418 (Bankr. N.D. Tex. 2000) (internal quotation marks omitted).
[9] Doc. 37. At the hearing, HCB argued that under Florida law the tax collector must be excluded under § 303(b)(2), but it now agrees that "fully secured creditors are counted towards the numerosity requirement of eligible creditors." *In re Colon*, 474 B.R. at 366; Doc 32.
[10] The disputed alleged creditors are: Andrea Farrell, Florida Department of Revenue, Guenter Kurz, Jayanta Ghosh, Antoine Khalil, Tony Bedron, Tanuja Schafer, Mark A. Violette, P.A., Elie Karam, and Assi Yacoub (collectively the "Alleged Creditors").
[11] 11 U.S.C. § 101(31) (2014).
[12] 11 U.S.C. § 303(b)(2).
[13] 11 U.S.C. § 101(31)(A) (emphasis added).

3

HCB asserts that four of Daher's listed creditors are statutory insiders. The evidence proves that one of these four is a statutory insider, and the other three are not.

Antoine Khalil

Daher asserts that he owes Antoine Khalil ("Khalil") $35,000 on a personal loan but admits that Khalil is his cousin.[14] By definition, the term "insider" includes a relative of the debtor.[15] Section 101(45) defines "relative" as "an individual related by affinity or consanguinity within the third degree as determined by the common law, or individual in a step or adoptive relationship within such third degree."[16] In *In re Gray,* the court applied the common law method of determining kinship to find that an alleged preferential payment recipient, the debtor's first cousin once removed, was related within three levels of consanguinity to the debtor and thus qualified as a "relative" and as an "insider."[17] In Florida, the common law rule is also used to determine degrees of consanguinity.[18] The Court adopts the *In re Gray* analysis and find that Khalil, as a cousin of Daher, is excluded from being a creditor as a statutory insider.[19]

Guenter Kurz

HCB alleges that Guenter Kurz ("Kurz") is a statutory insider because he and Daher "were in a partnership, Daher Building Industries, Inc."[20] But, an incorporated entity is not a partnership.

---

[14] *Joint Statement of Uncontested Facts*, Doc. 32; Plaintiff's Ex. 15: "This loan was a verbal agreement between family members and I do not have written documentation of the said agreement." The Alleged Debtor signed a "Debt Statement" in favor of this cousin on October 29, 2014, which was after HCB served discovery requests in this case.
[15] 11 U.S.C. § 101(31)(A)(i).
[16] 11 U.S.C. §101(45); *see also In re Raymond*, No. 08-82033, 2009 WL 6498170, at *3 (Bankr. N.D. Ga. June 17, 2009).
[17] *In re Gray*, 355 B.R. 777, 782 (Bankr. W.D. Mo. 2006) (the court interpreted § 101(45)'s reference to "common law" to mean the canon law method, as opposed to the civil law approach, for determining consanguinity in determining that the debtor's first cousin is a "relative").
[18] *Mobil Chem. Co. v. Hawkins*, 440 So. 2d 378, 380 (Fla. 1st Dist. Ct. App. 1983).
[19] HCB also alleged that Khalil may be considered a "friend" insider based on his personal relationship with Daher. Although he perhaps falls under this category of "non-statutory insider" further examination is not necessary due to his familial relationship.
[20] Doc. 38, at 12. Daher asserts that Kurz is owed $70,000 based on a personal loan. Doc. 32.

4

Although HCB continually refers to Daher Building Industries, Inc. as a partnership, the documents show that it is a corporation.[21] HCB also alleged that Kurz should be considered a statutory insider because he and Daher were in business together for "joint profit," but cited no authority for this proposition where, as here, the alleged insider was a shareholder of a corporation, and not a partner.[22] Because Kurz is not a relative of and was not a partner with Daher, subsection (A) of 11 U.S.C. § 101(31) does not apply. Kurz is not a statutory insider pursuant to § 303(b)(2).[23]

<u>Tony Bedron – Statutory Insider Status</u>

HCB claims that Tony Bedron ("Bedron") was a partner of Daher.[24] The evidence shows that Bedron and Daher were members of a Florida corporation named "Industrial Property, LLC." The Florida Department of State, Division of Corporations printout attached to HCB's memorandum clearly shows that Industrial Property, LLC a Florida Limited Liability Company.[25] Bedron's membership in this LLC with Daher does not amount to a partnership, so on this basis alone Bedron is not a statutory insider.

Bedron testified, and Daher did not dispute, that in addition to their interests in Industrial Property, LLC, he and Daher owned a parcel of property together as individuals. Under certain circumstances, a party's ownership of real property with an alleged debtor could amount to a partnership. Black's Law Dictionary defines a "partnership" as "a voluntary association of two or more persons who jointly own and carry on a business for profit."[26] HCB had the burden to prove

---

[21] HCB's Exhibit 16-R is entitled "Shareholder Agreement;" at the top and in each paragraph it refers to the entity as "Daher Building Industries, Inc." While in the first paragraph of this document Daher and Kurz state their desire to dissolve the "partnership" of Daher Building Industries, Inc., the Court finds this statement not sufficient to overcome the proof that Daher Building Industries, Inc. was a corporation.
[22] Doc. 37, at 3 ("A Shareholder Contract requires the payment by Daher of monies to Mr. Kurz."). Daher testified that Kurz was a "stockholder" in Daher Building Industries, Inc. Doc. 38-23, at 21-25.
[23] HCB also alleges that Kurz should be disqualified as a non-statutory insider. This is discussed in detail below.
[24] HCB also asserts that Bedron should be disqualified as a non-statutory insider. This is discussed in detail below.
[25] Doc. 38-29.
[26] *Black's Law Dictionary* (10th ed. 2014), "partnership".

that Bedron's ownership of property with Daher amounted to a partnership such that Bedron is an insider.[27] But, HCB presented no evidence that this joint ownership of property was to carry on a business for profit, or of any details of that relationship. For that reason, the Court cannot find that Bedron is a statutory insider on the basis of his ownership of property with Daher.

### Florida Department of Revenue

Daher is required to pay the Florida Department of Revenue-Child Support Enforcement ("FDOR") $600 a month for child support and lists FDOR as one of his sixteen creditors.[28] HCB alleges that because the money due to FDOR is for the benefit of Daher's children, FDOR should be considered a statutory insider, and should not count as an eligible creditor, citing *In re Colon*.[29] In *In re Colon*, even though the alleged debtor had been ordered to pay child support for his minor son, he did not list the son as a creditor because he was an insider pursuant to 11 U.S.C. §§ 303(b)(2) and 101(31)(A)(i).[30] Although the underlying basis for FDOR's claim is child support,[31] the only evidence before the Court is that FDOR is the holder of this claim.[32] This case is distinguishable because Daher does not pay money to his son, he pays FDOR. FDOR shall not be categorized as an insider and shall count as a qualified creditor for purposes of numerosity.

[THIS SPACE INTENTIONALLY LEFT BLANK]

---

[27] *In re Smith*, 415 B.R. at 229.
[28] Doc. 32.
[29] *In re Colon*, 474 B.R. 330, 379-80 (Bankr. D.P.R. 2012).
[30] *Id.*
[31] Doc 35-4, at 25.
[32] Under 45 C.F.R. § 302.50 it is possible that the support payments provided for under the child support agreement have been assigned to FDOR and then distributed to the family periodically.

## **Non-statutory Insiders**

The list of insiders in 11 U.S.C. § 101(31) is not comprehensive, but rather illustrative.[33] Section § 102(3) of the bankruptcy code provides that the word "includes" is not limiting.[34] The definition of insider "must be flexibly applied on a case-by-case basis."[35] Courts have considered two factors in making the determination of whether an insider relationship exists between a debtor and a non-statutory insider. These factors are (1) the closeness of the relationship between the transferee and the debtor; and (2) whether the transactions between the transferee and the debtor were conducted at arm's length.[36] The court in *In re Smith*, considered these factors and found that certain alleged creditors were insiders because: they were personal friends with the alleged debtor, there were no documents memorializing their loans, there was no interest due on the loans, there was no security for the loans, and there was no definite time period to repay the loans.[37] The court found that these loans were not arm's length transactions and instead determined that the alleged creditors were personal friends of the debtor and were only expecting to be paid when the debtor was able, and not pursuant to any normal terms or loan agreement.[38]

### Andrea Farrell, Jayanta Ghosh, Elie Karam, and Assi Yacoub

HCB alleges that these four persons are non-statutory insiders under *In re Smith*. Daher and Andrea Farrell, Jayanta Ghosh, Elie Karam, and Assi Yacoub have been personal friends for

---

[33] *In re Holloway*, 955 F.2d 1008, 1010-11 (5th Cir. 1992). The legislative history of § 101(31) defines an insider as a person or entity with "a sufficiently close relationship with the debtor that his conduct is made subject to closer scrutiny than those dealing at arm's length with the debtor. S. Rep. No. 95-989, *reprinted in* 1978 U.S.C.C.A.N. 5787, 5810.
[34] 11 U.S.C. § 102(3).
[35] *In re Smith,* 415 B.R. at 222; *In re Premiere Network Servs., Inc.*, 333 B.R. 126, 128–29 (Bankr. N.D. Tex. 2005; *In re Island One, Inc.*, No. 6:10-BK-16177-KSJ, 2013 WL 652562, at *2 (Bankr. M.D. Fla. Feb. 22, 2013).
[36] *In re Smith*, 415 B.R. at 233 (citing to *In re Holloway*, 955 F.2d at 1011). *But see In re Premiere Network Servs., Inc.*, 333 B.R. at 129 (a close relationship is not enough to prove an insider relationship unless it overcomes arms-length dealing).
[37] *In re Smith*, 415 B.R. at 233.
[38] *Id.*

7

at least 7 years.[39] Their loans are not memorialized by any documents; there is no interest charge due or accruing; no minimum payment required; no security taken; no time requirement for repayment; and no demand for repayment.[40]

Not surprisingly, Daher testified and maintains that each of these debts is valid and that each of these creditors should qualify.[41] He urges that the definition of "claim" is very broad and that these four peoples' claims should be considered eligible, essentially because HCB introduced no evidence contrary to his and his friends' testimony.

Non-statutory insider status must be determined by a factual inquiry into the Debtor's relationship with the alleged insider.[42] Here, like in *In re Smith,* the only evidence of any alleged loans from these four individuals to Daher is these persons' and Daher's testimony. The Bankruptcy Code protects debtors against a single creditor filing an involuntary petition where there are 12 or more legitimate, arm's-length creditors. The only protection to a creditor like HCB against an alleged debtor inventing additional creditors is for the courts to review the evidence and make a ruling based on the facts. Here, the facts show that Andrea Farrell, Jayanta Ghosh, Elie Karam, and Assi Yacoub are long-time friends, there is no documentary evidence of their alleged loans to Daher, there is no interest due, there are no payments due and none of them have made demand. For the same reasons articulated by the court in *In re Smith,* these individuals shall be considered non-statutory "friend" insiders and should not be counted for purposes of numerosity.

---

[39] The testimony at the hearing on December 10, 2014 was that Andrea Farrell and Daher have had a personal relationship for over 10 years; Jayanta Ghosh have had a personal relationship for 15-20 years; Elie Karam have had a personal relationship with the Alleged Debtor for 15 years; Assi Yacoub have had a personal relationship with the Alleged Debtor for at least 7 years.
[40] Doc. 37.
[41] Testimony of Daher at the hearing held on December 10, 2015.
[42] *In re Island One, Inc.*, No. 6:10-BK-16177-KSJ, 2013 WL 652562, at *2 (Bankr. M.D. Fla. Feb. 22, 2013).

### Tony Bedron – Non-statutory Insider Status

HCB urges that Bedron should also be considered an insider "friend" creditor because of his personal relationship with Daher, but the evidence shows otherwise. It is undisputed that Bedron has been friends with Daher since he was a child and was also a former member in Industrial Property, LLC.[43] But, unlike the other "friend" insider creditors, Bedron holds a promissory note (the "Note") dated November 4, 2013, well prior to the filing of the involuntary petition, for the sum of $141,900[44] that he testified consolidated several undocumented loans he had made to Daher over several years.[45] HCB argues that the Note is not an arm's-length transaction because it does not provide for interest and no payments are required.[46] Although the Note does not provide for interest, it does require payment: "This Note [s]hall be due in full upon the sale of the property by the company . . . ."[47] The "company" to which the Note refers is Industrial Property, LLC, and Daher's unrefuted testimony was that Industrial Property, LLC has not yet sold the property the Note refers to.[48] Based on the evidence presented, Bedron is not a "friend" insider and shall be considered a creditor for numerosity purposes.

### Guenter Kurz – Non-statutory Insider Status

HCB argues that Kurz should qualify as a non-statutory "friend" insider because he and Daher have been personal friends for 15-17 years, and Daher has not made a payment to Kurz in approximately two years. But, like Bedron, Kurz has documentation in proof of his claim: a "Shareholder Contract" dated years ago that calls for monthly payments of $750; a $23,000

---

[43] Doc. 38. Testimony at trial and from Daher's deposition alleges that Daher and Bedron are still members of Industrial Property, LLC. Doc. 38-25, at 3.
[44] Doc. 38-30.
[45] Testimony of Bedron from the hearing held on December 10, 2014.
[46] Doc. 38, at 13-14.
[47] Doc. 38-30.
[48] Testimony of. Daher at the hearing held on December 10, 2014. Daher testified that he and Bedron are still members of the LLC and that the property is not for sale or development.

payment by December 21, 2011, and a final payment of $50,000 on December 31, 2012.[49] Daher recalls making some of the monthly payments but testified that he has not made the $23,000 payment or the $50,000 payment.[50] Kurz has not made any written demand for payment.[51] Because there is independent evidence of Kurz's claim that was executed well before HCB filed its involuntary petition, the preponderance of the evidence shows this debt to be an arm's-length transaction. Kurz will not be considered a "friend" non-statutory insider, and shall count for numerosity.

**Parties not creditors of Daher**

Mark Violette P.A

HCB asserts and has proved that Mark Violette P.A., a law firm, has no claim against Daher, but only against Daher's company, Daher Contracting, Inc. The only documentary evidence of this claim is an invoice from Mark Violette P.A. addressed to Daher Contracting, Inc. that does not contain itemized time records or details of services rendered.[52] At the hearing, Daher attempted to overcome this evidence with testimony that Mark Violette P.A. performed legal services for him, individually, by completing paperwork to refinance his home. He further testified that he paid Mark Violette P.A. for personal legal fees through Daher Contracting, Inc. But, Daher's testimony was insufficient to overcome the evidence that Mark Violette P.A. is a creditor of Daher Contracting, Inc. and not Daher. In *In re American Way Service Corp.*, faced with a similar conflict between live testimony and documentary evidence, the court found:

> The documents admitted into evidence, by far, are the most important and credible "witness" in these consolidated adversary proceedings. Except as stated to the contrary, all of the documents were prepared at or near the time of the

---

[49] Exhibit 16-R.
[50] Ex. 17 Daher's Deposition at 46-49.
[51] *Id.*
[52] The invoice is dated October 7, 2014, and addressed to Daher Contracting. The invoice states $2,119 is due for all cases.

occurrences of the facts discussed herein. The documents are not subject to change or failure of memory due to passage of time. Although some of the documents facially may appear to conflict with each other at times, they are subject to relatively straightforward reconciliation, given all other credible testimony and the overall factual circumstances. To the contrary, much of the Defendants' witnesses' testimony appears feckless and fictive and is also incredible because it is not adequately supported by any documents.[53]

This analysis is sound.

The invoice from Mark Violette P.A. to Daher Contracting, Inc. was presumably drafted and sent near or at the time the legal services were provided. Had the services been to Daher, individually, he could have provided some evidence through itemized time records or testimony of the lawyer that performed the work.[54] Mark Violette P.A. shall not be counted as a qualified creditor of Daher for purposes of numerosity.

### Tanuja Schafer

Daher listed Tanuja Schafer ("Schafer") as a creditor to whom he owes $22,500.[55] There are no documents evidencing this alleged loan, no interest is due and there are no terms of or security for repayment.[56] Schafer emphatically denies that she is a creditor of Daher and instead asserts that she made "loans to Daher Contracting and *not to Steve [Estephan] Daher.*"[57] Daher admitted that all payments made to Schafer were from Daher Contracting, Inc. checking accounts.[58] Daher presented no evidence to contradict Schafer other than his own testimony. Based on the evidence and testimony, I find that Schafer is not a creditor of Daher and will not be considered for purposes of numerosity.

---

[53] *In re Am. Way Serv. Corp.*, 229 B.R. 496, 507 (Bankr. S.D. Fla. 1999).
[54] *In re Taylored Prods., Inc.*, No. 29914 N, 1968 WL 9184, (Bankr. W.D. Mich. Apr. 11, 1968) ("The frailty of the human memory is well known and I would agree with those many judges who would more likely accept a written memorandum on a scrap of paper made at the time of a transaction than thousands of words of testimony adduced two years later.").
[55] Doc. 32.
[56] Ex. 17 at 82, ¶¶ 14-16.
[57] Ex. 19, Tanuja Schafer's Response to Notice of Records Deposition; Doc. 38-28, at 1.
[58] Ex. 17 at 82, ¶¶ 14-16.

11

Conclusion

As of the date HCB filed the involuntary petition, Daher had nine (9) eligible creditors: 1) the Internal Revenue Service; 2) Morcos Development, LLC; 3) Butros and Souad Morcos; 4) Allegheny Casualty Company; 5) Capital One; 6) Okaloosa County Tax Collector; 7) Guenter Kurz; 8) Tony Bedron; and 9) the Florida Department of Revenue.  The other parties listed as creditors by Daher are ineligible to be counted towards the numerosity requirement: 1) Antoine Khalil; 2) Tanuja Schafer; 3) Andrea Farrell; 4) Jayanta Ghosh; 5) Elie Karam; and 6) Assi Yacoub.  For this reason, it is

ORDERED:

1. Pursuant to 11 U.S.C. § 303(b)(2) the Petitioning Creditor, HCB, has standing to bring this petition as the sole petitioning creditor because the Alleged Debtor has less than twelve (12) creditors.

2. The Alleged Debtor's argument that HCB's claim is contingent as to liability or is subject to a bona fide dispute as to liability or amount is preserved. The Court shall schedule a hearing to consider evidence and argument on this issue.

3. Within fourteen (14) days from the date of this Order, the parties shall confer and file a statement of the amount of time needed for such hearing.

DONE and ORDERED in Tallahassee, Florida, on 15th day of June, 2015            .

Karen K. Specie
United States Bankruptcy Judge

Cc: Parties in interest

Counsel for HCB shall serve copies of this Order on counsel for all parties within three (3) days and file an appropriate certificate of service.